IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DURWYN TALLEY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>BRIAN J. LAFLAMME and PARTNERS OF SUMMERS, COMPTON AND WELLS,<br><br>　　　　　　Defendants. | Case No. 3:19-cv-01359-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss for Failure to State a Claim (Doc. 3) filed by Defendant Brian J. LaFlamme, a Motion to Remand (Doc. 14) filed by Plaintiff Durwyn Talley, and a Motion to Appoint Counsel (Doc. 17) filed by Talley. For the reasons set forth below, the Motion to Remand is denied, the Motion to Dismiss for Failure to State a Claim is granted, and the Motion to Appoint Counsel is denied as moot.

FACTUAL AND PROCEDURAL BACKGROUND

This is a legal malpractice action stemming from an underlying civil rights action that was assigned Case No. 14-cv-976-RJD. Defendant Brian J. LaFlamme represented Plaintiff Durwyn Talley in the underlying action. Talley is an inmate of the Illinois Department of Corrections currently housed at Menard Correctional Center ("Menard").

The Complaint (Doc. 8-1) alleges that this district court appointed LaFlamme to represent Talley in an action based on Talley's religious Kosher diet claims, as well as

claims that the water in his cell was tainted, he was forced sleep on feces, and he was denied cleaning supplies and underwear. Talley also claimed there were no guards stationed on the galleries and no security buttons in his cell (*Id.*). Talley further claimed his mail was intercepted, and he was denied access to materials and resources that would help him manage his cases (*Id.*). Talley asserted that the most important issue in his lawsuit was his claim related to the tainted water at Menard, which worsened the symptoms of his gastroesophageal reflux disease (*Id.*).

Regarding the instant action, Talley claims that LaFlamme tried to convince him not to bring claims based on the tainted water (*Id.*). Talley alleges LaFlamme failed to seek any discovery, including discovery regarding the water and piping system at Menard, and that he never filed a motion to compel on any of the discovery Talley had requested (*Id.*).

Talley moves to remand this action, alleging that this Court lacks subject matter jurisdiction because the parties are not diverse citizens (Doc. 14). LaFlamme argues that the Amended Notice of Removal (Doc. 8) establishes that the parties to this action are diverse.

LaFlamme moves to dismiss this action and asserts that Talley fails to state a claim upon which relief can be granted because he fails to sufficiently allege causation and because Talley's own allegations with respect to the water foreclose his ability to pursue a claim (Doc. 3). LaFlamme asserts that he was appointed after discovery was closed (Doc. 4). In response, Talley claims discovery was not closed, as demonstrated by LaFlamme's request to photograph Menard after he was appointed, which was granted

(Doc. 25).

## LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Pooter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 694-95 (S.D. Ill. 2007). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Kitson v. Bank of Edwardsville*, No. 06-528, 2006 WL 3392752, at *1 (S.D. Ill. Nov. 22, 2006). Under 28 U.S.C. § 1332, a federal district court has original subject matter jurisdiction over actions involving complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir.1997) (citations omitted).

The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *see also Anglin v. Bristol-Myers Squibb Co.*, No. 12-60, 2012 WL 1268143, at *1 (S.D. Ill. Apr. 13, 2012). "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.'

Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)); *Kalbfleisch ex rel. Kalbfleisch v. Columbia Community Unit School Dist. Unit No. 4*, 644 F. Supp. 2d 1084, 1087 (S.D. Ill. 2009). "Doubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006).

Claims brought in federal court are governed by Federal Rule of Civil Procedure 8(a)(2), which requires only "a short and plaint statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For a claim to survive a Rule 12(b)(6) motion to dismiss, the claim must sufficiently "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard needs more than a simple "sheer possibility that a defendant has acted unlawfully." *Id*. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement of relief requires more than labels and conclusions." *Bell Atlantic Corp.*, 550 U.S. at 555. A complaint that simply details the elements of the cause of action is insufficient. *Id*.

DISCUSSION

I. **Motion to Remand**

Talley moves to remand this case based on a lack of diversity between the parties (Doc. 14). As stated above, this Court has original subject matter jurisdiction over actions involving complete diversity of citizenship between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs.

Talley, the plaintiff, is currently incarcerated in the state of Illinois and is a citizen of Illinois (Doc. 14). Defendant LaFlamme is a citizen of Missouri, as are Defendants Robert Summers and Ronald Compton (partners of Summers, Compton, and Wells) (Doc. 8). Defendant Stephen Wells is a citizen of Colorado (*Id.*). Lastly, the law firm itself is incorporated in Missouri with only a satellite office in Illinois that is not regularly staffed (*Id.*).

Because no defendant shares citizenship with the plaintiff, the Court finds that diversity has been established. Furthermore, Talley seeks $5,000,000 in damages, which means the amount in controversy is more than $75,000, exclusive of interest and costs (Doc. 1-1). Accordingly, the motion to remand is denied.

II. **Motion to Dismiss for Failure to State a Claim**

A cause of action for legal malpractice in Illinois must include the following elements: "(1) the existence of an attorney-client relationship that establishes a duty on the part of the attorney, (2) a negligent act or omission constituting a breach of that duty, (3) proximate cause of injury, and (4) actual damages." *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 676 (7th Cir. 2016) (citing *Sexton v. Smith*, 492 N.E.2d 1284, 1286–

87 (1986)).

Because a legal malpractice claim depends on a predicate lawsuit, Illinois courts describe such claims as following a case-within-a-case model. *Id.* "The plaintiff must set forth a plausible statement not only that a breach of duty occurred but that the breach caused the plaintiff to lose a valid claim or defense in the underlying action and that, absent that loss, the underlying claim 'would have been successful.'" *Id.* (quoting *Fabricare Equip. Credit Corp. v. Bell, Boyd & Lloyd*, 767 N.E.2d 470, 474 (2002)). "Where [a] plaintiff fails to allege facts that would establish success in the underlying suit, he has failed to plead a cause of action, even where defendant's negligence is not contested." *Mart v. Gozdecki, Del Giudice, Americus & Farkas LLP*, 910 F. Supp. 2d 1085, 1089 (N.D. Ill. 2012) (citing *Mauer v. Rubin*, 926 N.E.2d 947, 961 (Ill. App. Ct. 2010)); *see also Ignarski v. Norbut*, 648 N.E.2d 285, 289 (1995) (holding the plaintiff's burden to plead a case within a case was not satisfied where the pleadings did not "plead ultimate facts establishing" entitlement to relief on the predicate claim); *Sheppard v. Krol*, 218 Ill. App. 3d 254, 257, 578 N.E.2d 212, 214 (1991) ("[W]e must consider whether plaintiff's legal malpractice complaint alleged the facts to establish he not only had a valid product liability cause of action, but that he would have been successful in that cause.").

Here, Talley claims that had LaFlamme "tried to obtain needed discovery on all issues, if defendants had not provided such, with the testimonies of Steve Wallace, an engineer at Menard and all other defendants, a negative inference jury instruction as to those issues, would've been given against them on those claims" (Doc. 25). In the Complaint (Doc. 8-1), Talley claims that LaFlamme tried to convince Talley not to bring

claims based on the tainted water. Talley alleges that LaFlamme failed to seek any discovery, including discovery regarding the water and piping system at Menard, and that he never filed a motion to compel on any of the discovery Talley had requested (*Id.*). Talley also asserts that LaFlamme never tried to petition the court to allow an expert test Menard's water, never sought materials from the Environmental Protection Agency, and threw out the water pipe issues altogether (*Id.*). Talley also claims he had no discovery at trial, which caused him to lose his case (*Id.*).

Talley has failed to allege, however, that the discovery he requested from LaFlamme would have led to his success at trial. Talley has not shown that, even if the asserted discovery had been completed to his satisfaction, it would in fact have shown lead in the water pipes at Menard. Talley's argument also makes several assumptions: that if the discovery had been requested, then Defendants would not have responded, then a negative inference jury instruction would have been given, and then the jury would have found in his favor based on the negative inference instruction. Talley simply has not shown that, had LaFlamme made the discovery requests, he would have been successful at trial.

Further, the record reflects that the most recent Scheduling Order required discovery to be complete by February 2, 2017 (Doc. 79), which is well before LaFlamme entered his appearance on May 4, 2017 (Doc. 95). Additionally, Talley admits in his complaint that he repeatedly sought discovery on all claims, including the tainted water, before LaFlamme was appointed (Doc. 8-1). Accordingly, the Court must find that Talley has failed to state a claim upon which relied can be granted.

CONCLUSION

For the reasons set forth above, the Motion to Remand (Doc. 14) filed by Plaintiff Durwyn Talley is **DENIED**. The Motion to Dismiss for Failure to State a Claim (Doc. 3) filed by Defendants is **GRANTED,** and this action is **DISMISSED with prejudice**. The Motion to Appoint Counsel (Doc. 17) filed by Plaintiff Durwyn Talley is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:   May 8, 2020

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**